IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNNETT HENRY,

               Plaintiff,

vs.                                    Case No. 16-2707-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

               Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

(10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in

substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform

their previous work, they are determined not to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On March 26, 2015, administrative law judge (ALJ) Ben Willner issued his decision (R. at 12-26). Plaintiff alleges that he has been disabled since February 1, 2009 (R. at 12).

4

The ALJ denied plaintiff's implied request for reopening a prior denial, and evaluated plaintiff's current application from the earliest potential onset date, October 13, 2011 (R. at 12). Plaintiff is insured for disability insurance benefits through December 31, 2014 (R. at 14). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date (R. at 15). At step two, the ALJ found that plaintiff has severe impairments (R. at 15). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 16). After determining plaintiff's RFC (R. at 18-19), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 24). At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 24-25). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 25-26).

**III. Does substantial evidence supports the ALJ's determination that plaintiff is not disabled?**

The court would note that plaintiff is proceeding pro se. A pro se litigant's materials are entitled to a liberal reading, and consequently, the court will make some allowances for the pro se litigant's failure to cite proper legal authority, their confusion of various legal theories, their poor syntax and sentence construction, or their unfamiliarity with pleading

requirements, but the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.  Weaver v. Astrue, 353 Fed. Appx. 151, 154 (10th Cir. Nov. 18, 2009).

Plaintiff's initial brief simply states that she does not agree with the decision of the Commissioner of Social Security. She does not raise any specific issues in this brief (Doc. 14). In her reply brief, the only issue she raises is that she cannot work because of her migraines (Doc. 16).

In making his RFC findings, the ALJ noted that plaintiff was released to work without restrictions by Dr. O'Boynick on October 24, 2008, following a procedure to alleviate her headaches (R. at 20, 315).  The ALJ gave controlling weight to the opinion of Dr. Appelbaum, a treating physician, who stated on February 20, 2013 that plaintiff had no physical limitation on her activities (R. at 20, 399).  The treatment note from February 20, 2013 indicates that she was treated for chronic intractable migraine headaches on that date (R. at 399).  The ALJ also gave great weight to the opinions of Dr. Timmerman, a non-examining physician who reviewed the record and opined on September 18, 2013 that plaintiff's only physical limitations were not to climb ladders, ropes, or scaffolds, and that plaintiff should avoid hazards (R. at 20-21, 108-110).  Those

limitations were incorporated into the ALJ's RFC findings (R. at 18-19).

In regards to plaintiff's mental RFC, the ALJ gave great weight to the opinions of Dr. Neufeld, a psychologist who performed a psychological evaluation with testing on the plaintiff on August 5, 2013 (R. at 22, 415-419). The ALJ also gave great weight to the opinions of Dr. Cohen, a non-examining medical source who reviewed the record and provided her opinions regarding plaintiff's mental RFC on September 9, 2013 (R. at 23, 105-107, 110-112). The ALJ's RFC findings are consistent with the report from Dr. Cohen (R. at 18-19, 23, 110-112).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court finds that the ALJ carefully reviewed the evidence in the record, including plaintiff's complaints and allegations, and the medical evidence, and made findings supported by substantial evidence in

the record, including medical opinion evidence.  Plaintiff has not cited to any medical evidence that contradicts the ALJ's RFC findings.  The court finds no clear error by the ALJ in his decision that plaintiff can perform other work that exists in the national economy.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 26th day of July 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge